**Pitney Hardin LLP**
(MAIL TO) P.O. BOX 1945 MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300
Attorneys For Plaintiff
Howard Johnson International, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware corporation, | : : | HONORABLE Civil Action No. 06- |
| Plaintiff, | : | |
| v. | : | |
| INN DEVELOPMENT, INC., a South Dakota Corporation; ROBERT W. ORR, an individual; CAROLYN ORR, an individual; and RENEE LOGAN, an individual, | : : : : | **COMPLAINT** |
| Defendants. | : | |

Plaintiff Howard Johnson International, Inc., by its attorneys, Pitney Hardin LLP, complaining of defendants Inn Development, Inc., Robert W. Orr, Carolyn Orr, and Renee Logan, says:

1381582A03100606

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Howard Johnson International, Inc. ("HJI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2. Defendant Inn Development, Inc. ("Inn Development"), on information and belief, is a corporation organized and existing under the laws of the State of South Dakota, with its principal place of business at 202-204 S. Main Street, Suite 330, Aberdeen, South Dakota.

3. Defendant Robert W. Orr ("R. Orr"), on information and belief, is a citizen of the State of Nebraska, residing at 2206 Market Lane, Norfolk, Nebraska.

4. Defendant Carolyn Orr ("C. Orr"), on information and belief, is a citizen of the State of Nebraska, residing at 2206 Market Lane, Norfolk, Nebraska.

5. Defendant Renee Logan ("Logan"), on information and belief, is a citizen of the State of Nebraska, residing at 2206 Market Lane, Norfolk, Nebraska.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the

plaintiff and all of the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

7. This Court has personal jurisdiction over Inn Development by virtue of, among other things, section 17.6.3 of the December 31, 2001 License Agreement by and between Inn Development and HJI (the "License Agreement"), described in more detail below, pursuant to which Inn has consented "to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey . . . ."

8. This Court has personal jurisdiction over R. Orr, C. Orr, and Logan (collectively, the "Guarantors") by virtue of, among other things, the terms of a Guaranty (the "Guaranty"), described in more detail below, pursuant to which the Guarantors acknowledged that they were personally bound by section 17 of the License Agreement.

9. Venue is proper in this District pursuant to section 17.6.3 of the License Agreement, inasmuch as that provision contains an express waiver by Inn Development of any objection to venue in this District.

**ALLEGATIONS COMMON TO ALL COUNTS**

The Agreements Between The Parties

10. On or about December 31, 2001, HJI entered into the License Agreement and an Addendum to the License Agreement (the "Addendum") with Inn Development for the operation of a 67-room guest lodging facility located at 2206 Market Lane, Norfolk, Nebraska, Site No. 14216 (the "Facility"). A true copy of the License Agreement is attached hereto as Exhibit A.

11. Pursuant to section 5 of the License Agreement, Inn Development was obligated to operate a Howard Johnson® guest lodging facility for a 15-year term.

12. Pursuant to section 3 of the License Agreement, Inn Development was required, among other things, to make renovations to the Facility, in order to bring the Facility into compliance with "System Standards," "Approved Plans," and/or a "Punch List," all of which were defined in or attached to the License Agreement, and to achieve and maintain certain scores on periodic quality assurance inspections conducted by HJI.

13. Pursuant to section 3.4 of the License Agreement, Inn Development was required to operate the Facility in compliance with HJI's "System Standards," as defined in the

- 4 -

License Agreement, including HJI's quality assurance requirements.

14. Pursuant to section 4.8 of the License Agreement, HJI had the right to conduct unannounced quality assurance inspections of the Facility (and unlimited reinspections if the Facility received a failing score in the inspection) to determine whether the Facility was in compliance with HJI's quality assurance requirements.

15. Pursuant to sections 7 and 18.1 and Schedule C of the License Agreement, Inn Development was required to make certain periodic payments to HJI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees.

16. Pursuant to section 3.8 of the License Agreement, Inn Development was required to report the amount of gross room revenue earned at the Facility.

17. Pursuant to section 3.8.1 of the License Agreement, Inn Development agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8.2 and 4.8 of the License Agreement, Inn Development agreed to allow HJI to examine,

audit, and make copies of the entries in these books, records, and accounts.

18. Pursuant to section 11.2 of the License Agreement, HJI could terminate the License Agreement, with notice to Inn Development, for various reasons, including Inn Development's (a) failure to pay any amount due HJI under the License Agreement, (b) failure to remedy any other default of its obligations or warranties under the License Agreement within 30 days after receipt of written notice from HJI specifying one or more defaults under the License Agreement, and/or (c) receipt of two or more notices of default under the License Agreement in any one year period, whether or not the defaults were cured.

19. Pursuant to section 12.1 of the License Agreement, and the Addendum to the License Agreement attached hereto (the "Addendum"), Inn Development agreed that, in the event of a termination of the License Agreement pursuant to section 11.2, it would pay to HJI "any and all damages which [HJI has] sustained or may sustain by reason of such default or defaults and the breach of the License Agreement on [Inn's] part until the end of the Term."

20. Pursuant to section 7.3 of the License Agreement, Inn Development agreed to pay interest on any past due amount at the rate of 1.5% per month or the maximum rate permitted by law,

- 6 -

whichever is less, accruing from the due date until the amount is paid.

21. Pursuant to section 17.4 of the License Agreement, Inn Development agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement."

22. Effective as of the date of the License Agreement, the Guarantors provided the Guaranty, a true copy of which is attached hereto as Exhibit B.

23. Pursuant to the terms of the Guaranty, the Guarantors agreed, among other things, that upon a default under the License Agreement, they would "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the [License] Agreement."

24. Pursuant to the terms of the Guaranty, which incorporates Section 17 of the License Agreement, the Guarantors agreed to pay the costs, including reasonable attorneys' fees, incurred by HJI in enforcing its rights and/or remedies under the Guaranty or the License Agreement.

- 7 -

25. In conjunction with entering into the License Agreement, Inn Development made a Integrated System Development Advance Note in the amount of $16,475.58 in favor of HJI (the "Note"). A true copy of the Note is attached hereto as Exhibit C.

26. Pursuant to the terms of the Note, on each anniversary of the Facility's Opening Date (as that term is defined in the License Agreement), one-third of the original principal amount of the Note was to be forgiven without payment.

27. The Note further provides that, upon termination of the License Agreement, Inn Development was obligated to pay HJI the outstanding principal sum then due and owing thereunder immediately without further notice or demand.

28. The Note further provides that, if Inn Development defaults on its obligations pursuant to the Note, the Note shall bear simple interest at a rate of the lesser of eighteen percent per annum or the highest rate allowed by law, and that "[i]f this Note is collected by or through an attorney at law, [HJI] shall be entitled to collect reasonable attorney's fees and all costs of collection."

The Defendants' Defaults and Termination

29. Beginning in 2002, Inn Development repeatedly failed to operate the Facility in accordance with HJI's System Standards, in breach of its obligations under the License Agreement.

30. On July 12, 2002, HJI conducted a quality assurance ("QA") inspection of the Facility. The Facility received a failing score in the QA inspection and, as a result, Inn Development was in default of its obligations under the License Agreement.

31. On October 29, 2002, HJI conducted another QA inspection of the Facility. The Facility received a second consecutive failing score in the QA inspection and, as a result, Inn Development remained in default of its obligations under the License Agreement.

32. By letter dated January 17, 2003, a true copy of which is attached hereto as Exhibit D, HJI advised Inn Development that (a) the Facility had received failing scores in the July 12, 2002 and October 29, 2002 QA inspections and, as a result, Inn Development was in default of its obligations under the License Agreement, and (b) the License Agreement would

- 9 -

terminate effective April 1, 2003 unless the Facility received a passing QA score by March 17, 2003.

33. On March 21, 2003, HJI conducted another QA inspection of the Facility. The Facility received a third consecutive failing score in the QA inspection.

34. By letter dated May 2, 2003, a true copy of which is attached as Exhibit E, HJI terminated the License Agreement and advised Inn Development that, among other things, (a) it was required to pay to HJI damages for the premature termination of the License Agreement, and (b) demand was made for the outstanding balance due under the Note.

**FIRST COUNT**

35. HJI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 34 of the Complaint.

36. On May 2, 2003, HJI terminated the License Agreement.

37. Pursuant to section 12 of the License Agreement and the Addendum, Inn Development agreed that, in the event of the premature termination of the License Agreement, it would pay any and all damages suffered by HJI due to such premature

- 10 -

termination until the end of the fifteen-year term of the License Agreement.

38. By virtue of the premature termination of the License Agreement, HJI sustained a loss of future revenue over the remainder of the 15-year term of the License Agreement.

39. HJI has been damaged by Inn Development's breach of its obligation to operate the Facility as a Howard Johnson guest lodging facility for the remaining term of the License Agreement in the approximate amount of $431,236.23.

40. Accordingly, Inn Development is liable to HJI for actual damages for the premature termination of the License Agreement.

**WHEREFORE**, HJI demands judgment against Inn Development for actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

### SECOND COUNT

41. HJI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 40 of the Complaint.

42. At the time of the termination of the License Agreement, Inn Development was obligated to pay HJI the outstanding principal balance under the Note of $10,983.72.

43. Despite its obligation to do so, Inn Development has failed to make the full payment due and owing to HJI under the Note.

44. Inn Development's failure to make the agreed payment on the Note constitutes a breach of the Note and has damaged HJI.

45. Inn Development's failure to make the agreed payment on the Note constitutes unjust enrichment and has damaged HJI.

**WHEREFORE**, HJI demands judgment against Inn Development for damages in the amount of the principal sum of $10,983.72 due and owing under the Note, together with interest, attorneys' fees, and costs of suit.

### THIRD COUNT

46. HJI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 45 of the Complaint.

47. At the time of the termination of the License Agreement, Inn Development was obligated to pay HJI the outstanding principal balance due under the Note.

48. Despite its obligation to do so, Inn Development failed to pay the outstanding principal balance due under the Note of $10,983.72.

49. Inn Development's failure to compensate HJI constitutes unjust enrichment and has damaged HJI.

**WHEREFORE,** HJI demands judgment against Inn Development for the outstanding principal balance due under the Note, together with interest, attorneys' fees, and costs of suit.

### FOURTH COUNT

50. RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 49 of the Complaint.

51. Pursuant to the terms of the Guaranty, the Guarantors agreed, among other things, that upon a default under the License Agreement, they would immediately make each payment and perform each obligation required of Inn Development under the License Agreement.

52. Despite their obligation to do so, the Guarantors have failed to make any payments or perform or cause Inn Development to perform each obligation required under the License Agreement.

53. Pursuant to the Guaranty, the Guarantors are liable to HJI for actual damages in an amount to be determined at trial, and the outstanding principal balance due under the Note.

**WHEREFORE**, HJI demands judgment against the Guarantors for all actual damages due under the License Agreement and the outstanding principal balance due under the Note, together with interest, attorneys' fees, and costs of suit.

> **PITNEY HARDIN LLP**
> Attorneys for Plaintiff
> Howard Johnson International, Inc.
>
> By:   s/ David S. Sager
>         DAVID S. SAGER
>         A Member of the Firm

Dated: October 9, 2006

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                              **PITNEY HARDIN LLP**
                              Attorneys for Plaintiff
                              Howard Johnson International, Inc.

                              By: s/ David S. Sager
                                    DAVID S. SAGER

Dated: October 9, 2006