UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | | |
|---|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | CIV. 07-1024-KES |
| Plaintiffs, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART HJI'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AS TO ROBERT W. ORR |
| vs. | ) ) | |
| INN DEVELOPMENT, INC., a South Dakota corporation; ROBERT W. ORR, an individual; and RENEE LOGAN, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

On October 30, 2007, Plaintiff Howard Johnson International, Inc. (hereinafter "HJI") served initial interrogatories and initial requests for production of documents on Defendant Robert W. Orr, who appears in this matter *pro se*.  See Docket 35.  Because Mr. Orr failed to respond to HJI's discovery requests, HJI moved the court to order Mr. Orr to provide full and complete discovery responses and for sanctions.  [Docket 35].  HJI represented that it had made a good faith effort to resolve this matter without the court's intervention, but that it was unsuccessful.  The district court referred the motion to compel to this magistrate judge for ruling.

**FACTS**

This is a diversity action originally filed in the District of New Jersey and later transferred to this district.  The complaint filed by HJI asserts several causes of action arising out of contractual relations between the parties in which Inn Development, Inc., a South Dakota corporation, agreed to operate a Howard Johnson's hotel in Norfolk, Nebraska.  The agreement involved a licensing contract and a promissory note between Inn Development, Inc. and HJI.  It is alleged in the complaint that Mr. Orr and Renee Logan signed a personal guaranty of the obligations of Inn Development, Inc. under the license contract and the note.

On March 11, 2008, this court issued an order to show cause to Mr. Orr, directing that Mr. Orr show cause why the court should not enter an order granting HJI's motion to compel.  The order to show cause established a deadline of March 25, 2008, for Mr. Orr to respond to the motion to compel or to otherwise show cause why the order requested by HJI should not issue.  By order of the court, this order was personally served on Mr. Orr by HJI on March 12, 2008.  See Docket No. 47.

On March 24, 2008, Mr. Orr filed with the court his answers to HJI's interrogatories, but he did not file any written responses to HJI's request for the production of documents.  However, in his answers to HJI's interrogatories, Mr. Orr repeatedly asserts that co-defendant Renee Logan has custody of the

records of the contracts between the parties and documents relating to the operation of the hotel.  See Docket No. 46, Mr. Orr's Answers to Interrogatory Nos. 1, 8, 9, 11, 13, 14, 15, 17.

      HJI thereafter filed a reply on its motion, relinquishing its request for an order compelling answers to interrogatories from Mr. Orr, but reiterating its request for an order compelling responses to its request for production of documents, which Mr. Orr has never provided.  HJI seeks the following relief: (1) an order compelling Mr. Orr to provide a response to the requests for production of documents; (2) an order striking Mr. Orr's answer in this matter and a finding that Mr. Orr is in default; (3) attorney's fees and costs in connection with the making of the motion to compel; and (4) such other relief as the court finds appropriate.

## DISCUSSION

**A.**    **Robert Orr Has Failed to Respond to HJI's Requests for Documents**

      Federal Rule of Civil Procedure 34 allows one party in a lawsuit to serve another party in the lawsuit with a request to produce and permit the requesting party to inspect and copy documents or electronically stored information within the possession, custody, or control of the party on whom the request is served.  See Fed. R. Civ. P. 34(a)(1)(A).  Upon receipt of such a request, the receiving party must, within 30 days of receiving the requests, provide a written response as to each item or category of documents requested

either stating that inspection will be allowed, or stating an objection to the request along with the reason for the objection. Fed. R. Civ. P. 34(b)(2).

Mr. Orr did not respond to HJI's request for documents at any time, including after receiving a personally-served order to show cause from this court directing him to do so. The fact that Mr. Orr may not be a lawyer and is proceeding *pro se* in this case does not excuse his failure to respond to HJI's requests for documents. HJI's requests explained in plain language the obligation Mr. Orr had under the Federal Rules of Civil Procedure to respond to the requests. See HJI's Requests for Production of Documents to Robert Orr, attached as Exhibit A to Docket No. 36.

Mr. Orr's answers to HJI's interrogatories indicate in numerous places that he is unable to provide answers or to provide answers with specificity because he is not in possession of the documents that would allow him to provide answers. This may or may not be the reason Mr. Orr did not provide responses to HJI's request for documents. However, even if Mr. Orr's answers to the requests for documents are that he does not have any documents in his custody, control or possession in response to HJI's requests, Rule 34 imposes on him an obligation to provide written responses to that effect. Accordingly, the court will grant HJI's request for an order compelling Mr. Orr to provide answers to the requests for production of documents. As to each document or category of documents requested in HJI's request, Mr. Orr shall provide written

4

answers either stating that inspection of the requested documents will be allowed, or stating his objection to the request and the reasons for that objection. Mr. Orr's responses to HJI's request for production of documents shall be provided with 10 days of this order.

**B.     Sanctions Requested by HJI**

Having ascertained the fact that Mr. Orr has not responded to HJI's requests for documents and that a motion to compel will issue, the court now turns to the question of what sanctions, if any, should be assessed against Mr. Orr.

The court finds that Mr. Orr's failure to respond to HJI's requests for documents was unreasonable. The requests themselves spelled out in plain language, easily understood by a layperson, the obligation Mr. Orr had under the federal rules to provide written responses to those requests within 30 days of receipt. HJI has certified to this court that it made good-faith efforts with Mr. Orr to resolve this issue which were unsuccessful.

Three months after serving Mr. Orr with the requests, Mr. Orr had not responded, necessitating a motion to compel by HJI. After HJI filed its motion to compel, another month went by during which Mr. Orr could have provided responses to the discovery requests, but failed to do so. Finally, this court issued an order to show cause to Mr. Orr, telling him to respond or show cause why an order should not be issued against him, and Mr. Orr failed to provide

responses to the requests for production even after this step.  At no time has Mr. Orr filed a pleading with the court, or with HJI, explaining why he has been unable to respond.

Federal Rule of Civil Procedure 37(a)(5) provides in pertinent part as follows:

> If the motion [to compel discovery] is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court *must,* after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

See Fed. R. Civ. P. 37(a)(5)(A) (emphasis supplied).

The responsibility of a court to assess expenses, including attorney's fees, is mandatory–the rule uses the word "must"–unless one of three exceptions applies.  Id.  The first exception does not apply as HJI has certified to the court that it made good faith efforts to resolve this matter with Mr. Orr prior to filing the motion.  Mr. Orr has not articulated any reason at all why he failed to respond, either that his failure to response was substantially justified

or that it would be unjust to require him to pay HJI's expenses in connection with the motion to compel. Accordingly, the court will grant HJI its expenses in connection with its motion to compel.

HJI also seeks an order from the court striking Mr. Orr's answer and finding him in default. Although this is one of the potential sanctions a court *may* apply to a party who fails to answer requests for production, see Fed. R. Civ. P. 37(d), the court is not required to apply this sanction. Given the fact that Mr. Orr is proceeding *pro se*, and that he in fact filed answers to HJI's interrogatories that indicated that codefendant Renee Logan is in possession of many of the documents covered by HJI's requests for production of documents, it may be that Mr. Orr believed a separate written response to HJI's requests for production was unnecessary. He is wrong. He must respond in writing to HJI's request for documents. However, the court finds that the sanction of striking Mr. Orr's answer and finding him to be in default would be an unjust and draconian sanction under the facts and circumstances presented. Accordingly, the court denies this portion of HJI's request for relief.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that HJI's motion to compel [Docket 35] is granted in part and denied in part as set forth in this order. Robert Orr shall prepare and

serve signed, completed responses to HJI's requests for the production of documents on or before May 2, 2008.

IT IS FURTHER ORDERED that HJI shall submit to this court an affidavit setting forth its attorney's fees and expenses incurred in bringing the motion to compel.  Mr. Orr shall have 10 days to file his objections to the affidavit.

IT IS FURTHER ORDERED that HJI's other requests for sanctions, including the request for an order striking Mr. Orr's answer and finding him to be in default, are denied.

Dated April 18, 2008.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE