UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | | |
|---|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | CIV. 07-1024-KES |
| Plaintiffs, | ) ) ) | **ORDER GRANTING AWARD OF REASONABLE ATTORNEY'S FEES** |
| vs. | ) ) | |
| INN DEVELOPMENT, INC., a South Dakota corporation; ROBERT W. ORR, an individual; and RENEE LOGAN, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

On April 18, 2008, the court entered an order granting in part and denying in part plaintiff Howard Johnson International, Inc.'s (hereinafter "HJI") motion to compel defendant Robert Orr's responses to previously-served requests for production of documents. [Docket 55]. The court ordered Mr. Orr to respond in writing to HJI's request for documents, but denied HJI's request that the court sanction Mr. Orr by striking his answer and finding him to be in default. Id. However, the court did order that Mr. Orr shall be required to pay HJI's expenses in connection with the motion to compel. Id.

On May 6, 2008, HJI filed an affidavit in support of its application for attorney fees and costs and, soon thereafter, submitted to the court for *in camera* review an itemized bill outlining the fees incurred in relation to the

motion to compel . See Docket 58.  HJI has represented to the court that its fees and costs totaled $3,168.00.  Mr. Orr did not respond or object to HJI's affidavit.

On June 5, 2008, the court took the additional step of issuing an order to show cause why this court should not enter an order for HJI's attorney's fees against Mr. Orr.  The order to show cause required HJI to personally serve Mr. Orr with the order and gave Mr. Orr ten business days to file a response.  Mr. Orr's ten-day response period to the order to show cause expired on June 20, 2008.  As of today's date, Mr. Orr has failed to respond.

## DISCUSSION

### A. Lodestar Method of Determining Reasonable Award of Attorney's Fees

Despite Mr. Orr's failure to respond, the court must still evaluate HJI's request for attorney's fees to determine whether it is reasonable.  In determining a reasonable award of attorney's fees under Fed. R. Civ. P. 37, the court begins by figuring the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.  Finley v. Hartford Life & Accident Ins. Co., ___ F.R.D.___, 2008 WL 509084 at *3 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and

Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

**B.     Reasonable Hourly Rate is the Prevailing Rate in the District of South Dakota**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.) Sometimes, however, out-of-town counsel will be entitled to a rate based on the prevailing standards in their community rather than the forum community. Such a departure is sometimes recognized where the case requires specialized knowledge and expertise and such knowledge and expertise cannot be found in the forum community or where the case is unpopular and local lawyers are unwilling to undertake representation in the case.

In this case, Mr. Orr has not responded at all to this issue and HJI has submitted a bill for *in camera* review that is based on the HJI attorneys' normal hourly rate in Kansas City, Missouri. That normal Missouri hourly rate is

$495.00 for Edward Spalty, who is a partner at Armstrong Teasdale LLP, and $215.00 for S. Hanson, an associate, and $290.00 for David Jermann, also an associate.

HJI has not addressed any special circumstances that would justify awarding attorneys fees on a basis other than what constitutes a normal hourly rate in the community forum, the District of South Dakota. Furthermore, the court is not aware of any special circumstances. This is a garden-variety action revolving around a franchise relationship between the parties. HJI asserts claims of breach of contract, unjust enrichment, and enforcement of a personal guaranty. Many attorneys possessing the requisite skill and expertise necessary to handle such an action can be found in the forum community. Therefore, the court concludes that HJI should receive an award of attorney's fees based on prevailing rates in the District of South Dakota, rather than in Missouri.

Because the parties have not submitted information about the prevailing hourly attorney rates in the forum community, the court will determine those rates based on its own knowledge of prevailing rates here. See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates"). Experienced, partner-level trial counsel in this community have received awards of attorneys fees ranging from $200.00 per

4

hour to $225.00 per hour in lawsuits requiring highly specialized knowledge. See Cottier v. City of Martin, Civ. No. 02-5021, Docket No. 469, page 6 (March 25, 2008); Bone Shirt v. Hazeltine, Civ. No. 01-3032, Docket No. 411, page 4 (June 22, 2006).

The court concludes on the basis of its own knowledge of prevailing rates in the District of South Dakota and also based on recent awards of attorney's fees that $225.00 per hour should be the prevailing reasonable hourly rate for Mr. Spalty's time. The prevailing rate for Mr. Jermann, who appears to be a more-senior associate who reviewed most of the work done by S. Hanson, should be $180.00 per hour. The prevailing rate for S. Hanson, who appears to be a junior associate whose work was reviewed by both Mr. Jermann and Mr. Spalty, should be $140.00 per hour.

**C.     Reasonable Hours**

The itemized billing statement submitted by HJI appears to have some duplication of work and also some work unrelated to the motion to compel for which sanctions are being awarded. For example, in the February 28, 2008, time entry for Mr. Spalty, 0.4 hours are recorded to conduct a conference with Mr. Jermann to discuss three topics, only one of which is the motion to compel (summary judgment and default judgment were the other two topics discussed). Accordingly, the court reduces this time entry to 0.1 hours as reflective of the time Mr. Spalty actually spent on the discovery motion.

5

The time entries for S. Hanson and Mr. Jermann are somewhat duplicative in that everything S. Hanson drafted was reviewed by Mr. Jermann. However, the amount of duplication is not excessive. Mr. Jermann's time entries total only 0.7 cumulatively. In addition, it is to be expected that work from a junior associate will be reviewed by someone further up the chain of command.

The time entries for S. Hanson, who did the primary drafting for this motion, total 11.6 hours. This seems an unreasonable amount of time give the posture of the motion: this was simply a motion to compel a response from a litigant who had failed to give any response at all. Thus, no issues such as attorney-client privilege or work product doctrine had to be researched and briefed. However, the court is cognizant that this matter is complicated because Mr. Orr is proceeding *pro se.* HJI has, at the court's request, twice carried out personal service of orders of this court on Mr. Orr to ensure that Mr. Orr received the process to which he was due. HJI is certainly entitled to recompense for the additional time spent in carrying out the court's wishes. The court concludes that 9.0 hours would have been a reasonable amount of time to spend on this motion by a junior associate such as S. Hanson.

**D.   Costs**

HJI submitted an affidavit in support of its request for attorney's fees and costs that totaled $3,168. Of this, the court determines (by examining the

itemized attorney fee statement submitted *in camera*) that only $2,994 consisted of attorney's fees.  However, HJI never itemized or otherwise informed the court as to what costs made up its apparent $174 request for costs.  The court notes, as stated above, that HJI did carry out personal service on Mr. Orr of two of the court's orders.

      The return of service on the court's June 5, 2008, order to show cause indicates that HJI incurred a total expense of $25.30 to carry out personal service on that document.  The return of service on the court's March 11, 2008, order to show cause indicates that HJI incurred a total expense of $35.00 to carry out personal service on that document.  Other than these two expenses, there might be nominal copying expenses associated with HJI's motion, although that would be minimized as HJI appears to have filed all of its documents associated with this motion electronically.  In the absence of any itemization from HJI, the court will limit its award of costs on this motion to $70.30 (the costs of personal service plus $10.00 to cover any copying or postage costs) as the reasonable costs associated with making this motion to compel.

**CONCLUSION**

Good cause appearing, it is hereby

ORDERED that Mr. Orr shall pay to HJI $1,453.50 as reasonable attorneys fees incurred by Mr. Orr's failure to respond to HJI's discovery requests.  It is further

ORDERED that Mr. Orr shall pay to HJI $70.30 as reasonable costs incurred by HJI in making its motion to compel.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated June 23, 2008.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE