UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> INN DEVELOPMENT, INC., a South Dakota corporation; ROBERT W. ORR, an individual, and RENEE LOGAN, an individual, <br><br> Defendants. | CIV. 07-1024-RHB <br><br><br> ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Plaintiff commenced this action alleging that defendants had breached the contract between the parties and seeking damages as a result of that breach. On December 22, 2008, the plaintiff's motion for summary judgment was granted on the issue of the breach of contract. The Court referred the matter to the magistrate judge for the purpose of determining the amount of damages. An evidentiary hearing was held before the magistrate judge on June 11, 2009. Despite plaintiff's request for damages in the amount of $499,949.90, the magistrate judge recommended that plaintiff be award damages in the amount of $72,963.50, in addition to the $10,983.72 previously awarded by the Court regarding a separate note. All together then, the award of damages would amount to $83,947.22. The parties have not objected to the magistrate judge's report

and recommendation. The Court has reviewed the recommendation and finds that it is appropriate. Accordingly, the Court will adopt the recommendation of the magistrate judge and award damages in the amount of $83,947.22.

Plaintiff also seek an award of prejudgment interest on a separate note. In the Order dated December 22, 2008, the Court awarded prejudgment interest on the separate note and ordered plaintiff to submit evidence regarding the appropriate amount of interest due on the note.

At the time the parties entered into the License Agreement, they also executed a document entitled "Integrated System Development Advance Note." The note provided that Inn Development would pay to the plaintiff $16,475.58 with no interest unless defendants defaulted. Docket #53, Exhibit D. The note also provides as follows:

> If this Note is accelerated and is not paid within ten (10) days after it is due, the outstanding principal balance shall bear simple interest at a rate equal to the lesser of eighteen (18%) percent per annum or the highest rate allowed by applicable law from its due date until paid.

Based upon this provision, plaintiff seeks prejudgment interest at the rate of 18%. South Dakota Codified Law, section 21-1-13.1 provides in pertinent part that "[p]rejudgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract. . . ." As the contract provides that the interest rate is the lesser of 18% or the highest rate allowed by law, plaintiff reasons that the applicable interest rate under South Dakota law is 18%. Defendants do not object. Accordingly,

2

the Court shall apply 18% interest as agreed upon by the parties when calculating the prejudgment interest.

Under South Dakota law, prejudgment interest begins to accrue "from the day that the loss or damage occurred." SDCL § 21-1-13.1. Plaintiff contends that May 2, 2003, the date the License Agreement was terminated and the note became due immediately, is the date the loss occurred. Again, defendants do not object. As a result, the Court shall calculate the prejudgment interest for the period between May 2, 2003, and December 22, 2008, the date the Order granting plaintiff's motion for summary judgment was issued.

At the time the note became due, the remaining principal was $10,983.72. Docket #53, Exhibit F. The prejudgment interest for one year then would equal $1,977.07 per year or $5.42 per day. The period for which prejudgment interest is due is 2,062 days. As a result, the total amount of prejudgment interest due is $11,176.04 (2,062 days x $5.42). This amount shall be added to the judgment.

Plaintiff also seeks the award of attorneys' fees. This is also contemplated by the contracts which the parties executed. Paragraph 17.4 of the License Agreement states, "[t]he non-prevailing party will pay all costs and expenses, including reasonable attorney's fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." Docket #53, Exhibit A. Plaintiff seeks fees in the

amount of $10,786.00 and costs in the amount of $23.27. Defendants have not objected to these sums.

"'The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" Hanig v. Lee, 415 F.3d 822 (8th Cir. 2005) (quoting Fish v. St. Cloud State University, 295 F.3d 849, 851 (8th Cir. 2002)). In determining a reasonable fee, the Court is to consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 438, n. 3, 103 S. Ct. 1933, 1938, 76 L. Ed. 2d 40 (1983). The Court, however, is not required "to examine exhaustively and explicitly . . . all the factors . . . ." Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999). Moreover, the burden of proving "the hours worked and rates claimed" lies on the party moving for the award of fees. Hensley, 461 U.S. at 433, 103 S. Ct. at 1939.

This case commenced on October 9, 2006, in the District of New Jersey. It was transferred to the District of South Dakota on November 9, 2007. Once in the District of South Dakota, the parties proceeded with discovery. Entries in the docket show that

the discovery process was not without difficulty, as Orr was ordered to show cause why he should not be held in contempt for failure to participate in the discovery process. Upon completion of the discovery period, plaintiff moved for summary judgment, which was granted. This action, however, did not require a great deal of labor or experience. Plaintiff's counsel expended a total of 47.9 hours in representing plaintiff in this action. The Court finds this to be a reasonable number of hours given the above-mentioned circumstances.

Counsel's requested fees are based upon hourly rates that range from $495 per hour to $215 per hour. While these hourly rates are a great deal higher than normally seen in this District, the Court notes that counsel is located in Missouri and appears to have a long-standing relationship with plaintiff as counsel has applied a 20% discount to the total sum of the fees sought. Furthermore, the Court notes that defendants have not objected to these hourly rates. As a result, the Court will award attorneys' fees in the amount of $10,786.00, as requested. Accordingly, it is hereby

ORDERED that the magistrate's report and recommendation (Docket #98) is adopted.

IT IS FURTHER ORDERED that plaintiff is awarded $83,947.22 in damages, which includes the amount due on the separate note.

IT IS FURTHER ORDERED that plaintiff is awarded $11, 169.09 in prejudgment interest.

IT IS FURTHER ORDERED that plaintiff is awarded $10,786.00 in attorneys' fees and $23.27 in costs.

Dated this 11TH day of September, 2009.

BY THE COURT:

*[signature]*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE